**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

PABLO GUTIERREZ-TOLEDO,

　　Defendant-Appellant.

No. 07-1322
(D. Colorado)
(D.C. No.07-cr-00093-MSK)

### ORDER AND JUDGMENT[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.

　　Pursuant to a plea agreement, on March 13, 2007, Pablo Gutierrez-Toledo (the defendant), pled guilty to a one-count indictment filed in the United States District Court for the District of Colorado charging him with being an illegal alien found in the State of Colorado after having been previously deported from

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

　　Neither party requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the United States on or about December 20, 2005, based on his conviction of an "aggravated felony," i.e. possession for sale of marijuana, in the Superior Court of Riverside County, California, all in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In the district court, the defendant was represented by a Federal Public Defender, who later, by appointment by this Court, represents the defendant in this appeal.

No objections were filed by either the United States or the defendant to the Presentence Report, which set defendant's guideline range at imprisonment for 51 to 63 months. Counsel on behalf of the defendant asked for a sentence at the low end of the guideline range, i.e. 51 months, citing the defendant's "family circumstances" which had prompted him to re-enter the United States, as well as other facts relevant to the sentencing factors set forth in 18 U.S.C. § 3553(a). The United States did not object to a 51-month sentence, the lower end of the guideline range. In this general setting, the district court on August 6, 2007, sentenced defendant to 51 months imprisonment. Three days later, the defendant through his counsel, filed a timely notice of appeal.

On October 12, 2007, the defendant, through counsel, filed in this Court an *Anders* brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his brief, as an "Introduction," counsel spoke as follows:

> Counsel has carefully examined the facts and matters contained in the record on appeal . . . and has researched the law in connection therewith. Counsel has also had

another attorney in the Office examine and review the same issues. The conclusion has been reached that the appeal presents no legally viable issues.

A copy of the *Anders* brief was sent to both the defendant and the Government. The defendant in response filed a motion requesting until December 14, 2007 to file a response to the *Anders* brief. That motion was granted, but the defendant did not thereafter file a response. On December 28, 2007, this court, *sua sponte,* entered a "deficiency notice" but at the same time granted the defendant until January 11, 2008, to file a response. No response was filed.

On January 24, 2008, this court directed the Government to file a response brief or notification that no such brief would be filed. In response thereto, the Government stated that it did not "anticipate filing an answer brief unless ordered to do so by the Court." This court did not thereafter "so order."

The three nonviable issues which defendant's counsel raises in his *Anders* brief are as follows:

I. Mr. Gutierrez-Toledo pled guilty to violating 8 U.S.C. § 1326. Was the plea hearing consistent with Rule 11 and was the plea entered into voluntarily and intelligently?

II. Were the facts articulated in Mr. Gutierrez-Toledo's plea agreement and at his change of plea hearing sufficient to convict him of 8 U.S.C. § 1326?

III. Mr. Gutierrez-Toledo's advisory guideline range was 51 to 63 months. The government, the probation officer, and the defendant all requested a 51-month sentence. The district court independently considered the sentencing factors listed in 18 U.S.C. § 3553(a), and the court explained its sentence based upon those factors. Was the

-3-

51-month sentence reasonable?

Our study of the present record leads us to conclude that our answer to the three nonviable issue raised by defendant's counsel in his *Anders* brief should in each instance be in the affirmative. Specifically, the defendant's plea of guilty was consistent with Fed. R. Crim. P. 11 and was entered into voluntarily and knowingly by the defendant. The district court was most careful in enunciating the various constitutional rights that the defendant was surrendering by pleading guilty. Further, the record clearly indicates that the defendant was indeed guilty of the crime charged, i.e., he was an illegal alien "found in Colorado" who had been previously deported from the United States in 2005, subsequent to his conviction for an "aggravated felony," to wit, possession of marijuana for sale (as defined in 8 U.S.C. § 1101(a)(43)) and had not thereafter been granted permission to return to the United States. And finally, the sentence which defendant sought, i.e., imprisonment for 51 months, which was agreed to by the Government, was reasonable under 18 U.S.C. § 3553(a). Such being the case, we affirm. Counsel's motion to withdraw is granted.

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge